Howard M. Kay v. Commissioner.
Kay v. Commissioner
Docket Nos. 22766 and 25479.
United States Tax Court
1951 Tax Ct. Memo LEXIS 279; 10 T.C.M. (CCH) 282; T.C.M. (RIA) 51084; March 29, 1951
*279 James S. Y. Ivins, Esq., 306 Southern Bldg., Washington 5, D.C., for the petitioner. Louis Boxleitner, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in income tax of the petitioner of $22,257.44 for 1944 and $30,172.16 for 1945. The petitioner assigned as error the action of the Commissioner in disregarding trusts which the petitioner had established for his wife and three children and taxing the income of those trusts to the petitioner. Similar issues with regard to the tax years 1942 and 1943 were presented by and decided against the petitioner in Howard M. Kay, 11 T.C. 471 (Docket No. 14773), affirmed 178 Fed. (2d) 772. Findings of Fact The petitioner filed his individual income tax returns for 1944 and 1945 with the collector of internal revenue for the twenty-third district of Pennsylvania. The stipulation of facts filed at Docket No. 14773, together with the facts proved at the trial in that proceeding, are adopted as a part of the findings of fact in this case, in accordance with the stipulation of the parties. The stipulation filed at the hearing in this *280 case is adopted as a part of the findings of fact. The petitioner at or about the time he created the trust for his wife gave notice to the two Andersons that he was creating the trust and conveying his interest in the Anderson partnership to the trust. All of the income of the trusts in question was deposited in a single bank account in the name of the petitioner as trustee. The Youngsville Star Manufacturing Company gave its demand note to the petitioner on November 7, 1943 to evidence its indebtedness to him for loans in the amount of $40,000. Notations on the back of the note indicate interest payments through 1944 and three payments of principal totaling $40,000. The Youngsville Star Manufacturing Company gave its demand note dated November 7, 1943 to H. M. Kay, Trustee, evidencing indebtedness of $24,000, representing a renewal of the August 7, 1943 note and additional loans of $4,000 from each of the three trusts for the children. Notations on the back of the note indicate interest payments through December 7, 1944 and a payment of the principal in the amount of $24,000 on December 30, 1944. The petitioner kept a book containing separate accounts for each of the four *281 trusts. There was one account entitled "Receipts" and another entitled "Disbursements" for each trust. The earliest entries are dated December 29, 1941, following which there are other entries running through 1945 and the last entries are in the early part of 1946. The columns were totaled for each year, but no entries were made to offset the receipts total against the disbursements total. The disbursement account relating to the trust for Gordon shows only four disbursements of income for 1944. The last one was under date of March 4, and the total of all four was $800. The only disbursements of income shown in that account for 1945 are disbursements to the collector of internal revenue for income tax in the total amount of $2,034.62. Some of the disbursements for 1944 and 1945 in the trust account for Barbara are described as "schooling", and some of those in that account for 1945 as described as payments of income tax. Some of the disbursements for 1944 and 1945 in the trust account for Thomas are described as "schooling", one for 1944 and one for 1945 are described as life insurance, and several for 1945 are described as income tax. The petitioner's son, Gordon, reached his twenty-first *282 birthday in January 1944. He finished school in Cleveland in June 1944 and was married that same month. Thereafter he and his wife maintained their own home. Gordon and the petitioner had no understanding with regard to the trust at the time he became of age but he knew that he was entitled to any income which came into the trust and he was agreeable to whatever action the petitioner took. The success of the Youngsville Star Manufacturing Company during 1944 and 1945 was due largely to the efforts of the petitioner and Mott Lawrence, partners in that business. No written partnership agreement was executed when the Youngsville Star Manufacturing Company partnership was formed in 1943. The business had about 200 employees in 1941. The Commissioner, in determining the deficiency for 1944, added to the petitioner's income, as disclosed by his return, $11,596.94 representing additional income from Youngsville Star Manufacturing Company, $17,399.30 representing additional income from the estate of C. H. Kay, deceased, $1,440 representing income from H. M. Kay, Trustee, and $1,389.29 representing a long-term capital gain. The Commissioner, in determining the deficiency for 1945, added *283 to the income of the petitioner, as disclosed by his return, $22,752.97 representing additional income from Youngsville Star Manufacturing Company, $1,042.34 representing income of "Kay and Lawrence", $15,388.39 representing additional income from the estate of C. H. Kay, deceased, and $517.65 as income from H. M. Kay, Trustee. The addition of income from Youngsville Star Manufacturing Company for each year was made because the petitioner was regarded as a partner with a 75 per cent interest in that partnership. The addition of income from the estate of C. H. Kay, deceased, for each year was made because one-third of the income of that estate was regarded as taxable to the petitioner. The amounts added as income from H. M. Kay, Trustee, were added because the Commissioner disregarded the trusts for the three children. The long-term capital gain added for 1944 represented one-third of a long-term capital gain of the estate of C. H. Kay, deceased. Opinion MURDOCK, Judge: This proceeding involves the same four trusts which were involved in Docket No. 14773, Howard M. Kay, 11 T.C. 471, affirmed 178 Fed. (2d) 772. The petitioner concedes and it is a fact that *284 in most respects there was no material change in 1944 and 1945, the taxable years in the present case, from the situation which existed during 1942 and 1943, the years involved in the case just cited. Nevertheless, he argues that there were a few changes and he seeks a different result based upon those changes. One of his arguments is that the prior decision was based upon acts of his as trustee in 1942 and 1943 and similar acts did not occur in 1944 and 1945. We must assume that his acts in 1944 and 1945, as well as other circumstances existing in those years, were similar to the acts and circumstances set forth in the findings in the earlier case except where there is now proof to the contrary. He says there was no constructive borrowing from the income or corpus of his wife's trust for the benefit of the children's trust during 1944 and 1945. There was not the same necessity for such borrowings since the children's trusts had more income in the later years, nevertheless, the petitioner continued to disregard the separateness of the trusts for some purposes during 1944 and 1945. He says it appears affirmatively that in the later years he gained no advantage to himself through the *285 loan of trust funds to Youngsville Star Manufacturing Company. This argument is not too clear but, in no event would it be a basis for a different decision from that given in the earlier case. He also points to the fact that Gordon Kay passed the age of 21 in 1944. There is no great significance in that. The trust for Gordon continued. Each trust for a child provided that the income was to be paid to the child when he became 21 years of age, yet it does not appear that any income was paid to Gordon after he became of age. Some money was apparently paid to complete his schooling in 1944 and some on account of income taxes in 1945. Thus, the petitioner seems to have continued to do just about as he pleased with the income of Gordon's trust. The petitioner is conceding in the present case that the income of all of the trusts was taxable to him in so far as it was used to discharge obligations of his, including family living expenses and expenses of supporting and educating the minor children, but he contends that the remaining income of the trust was not taxable to him. The parties have argued the question of res judicata and the question of stare decisis, but those questions need not *286 be decided. The facts established by the record as it now exists are not so materially different from those heretofore considered by this Court and by the Court of Appeals for the Third Circuit as to justify us now in reaching any different result from that reached in the prior case, and upon authority of those decisions, decisions will be entered in these cases for the respondent. Decisions will be entered for the respondent.